UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>JAMES HAMPTON WORTHINGTON, JR.,<br><br>              Defendant.<br>_____ | No. CR   12-495 SBA (DMR)<br><br>AMENDED REPORT AND<br>RECOMMENDATION<br>REGARDING GUILTY PLEA |

The magistrate judge recommends to the district judge that it accept defendant James Hampton Worthington's guilty plea entered in open court on November 6, 2012. Specifically, the defendant pleaded guilty pursuant to a written plea agreement to count 11 of the indictment charging a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860 (possession with intent to distribute heroin within 1,000 feet of school). The magistrate judge makes the following findings:

    1.   On the hearing date set forth above, with the assistance of counsel, the defendant waived his right to enter his guilty plea before a district judge and instead consented to enter his plea in a hearing in magistrate court. Specifically, the magistrate judge advised him that he had a right to plead guilty in district court and that under 28 U.S.C. § 636(b) and Federal Rule of Criminal Procedure 59, he could waive that right and consent to enter his plea in a plea hearing in magistrate court. The magistrate judge also advised him that it would issue a written report recommending that the district judge accept the guilty plea, that the district judge would review that recommendation

UNITED STATES DISTRICT COURT
For the Northern District of California

1   and determine whether to accept the guilty plea, and that the district judge and not the magistrate

2   judge would sentence him.  The magistrate judge also advised him of the procedures (also set forth

3   at the end of this recommendation) for challenging the magistrate judge's recommendation.  The

4   defendant then waived his right to proceed in district court in open court and in writing and

5   consented to the magistrate judge's conducting the plea hearing.

6           2.  The magistrate judge conducted a full plea hearing in the manner set forth in Federal Rule

7   of Criminal Procedure 11.  In particular, the magistrate judge reviewed, and the defendant

8   acknowledged that he understood, the following: (a) the nature of each charge and the maximum

9   penalties, as set forth in Fed. R. Crim. P. 11(b)(1) (G)-(L); (b) the effect of the advisory Sentencing

10  Guidelines and 18 U.S.C. § 3553(a), *see* Fed. R. Crim. P. 11(b)(1)(M); and (c) the rights he was

11  waiving by pleading guilty, *see* Fed. R. Crim. P. 11(b)(1) (A)-(F).  The court reviewed the specific

12  provisions of the plea agreement regarding waiving the right to appeal or collaterally attack the

13  sentence.  *See* Fed. R. Crim. P. 11(b)(1)(N).  The magistrate judge also determined that there was a

14  factual basis for the guilty plea.   *See* Fed. R. Crim. P. 11(b)(3).

15          3.  The plea agreement itself was disclosed in open court, *see* Fed. R. Crim. P. 11(c)(2), and

16  the magistrate judge advised the defendant as follows:

17          A.      To the extent that the plea agreement was an agreement of the type specified in Rule
                    11(c)(1)(A) or (C), the district judge may accept the agreement, reject the agreement,
18                  or defer a decision until the district judge reviewed the presentence report.  Also, to
                    the extent that the district judge accepts the agreement, the agreed disposition will be
19                  reflected in the judgment.  To the extent that the district judge rejects the agreement,
                    it will inform the parties, advise the defendant that it is not required to follow the plea
20                  agreement, and give the defendant an opportunity to withdraw the plea.  If the district
                    judge rejects the plea agreement and the defendant does not withdraw his plea, then
21                  the court may dispose of the case less favorably toward the defendant than the plea
                    agreement contemplated.
22
            B.      To the extent that the plea agreement was of the type specified in Rule 11(c)(1)(B),
23                  the defendant had no right to withdraw his plea if the district judge did not follow the
                    parties' recommendation or request.
24
    *See* Fed. R. Crim. P. 11 (c)(3)-(5).
25

26          4.  The magistrate judge also addressed the defendant personally in open court, and

27  determined that the plea was voluntary and did not result from force, threats, or promises (other than

28  the promises in the plea agreement).   *See* Fed. R. Crim. P. 11(b)(2).

5.   After the advisements set forth in Rule 11, and summarized here, the defendant pleaded guilty as summarized above.  The magistrate judge found that he was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the guilty plea, and that the guilty plea was knowing and voluntary and supported by an independent factual basis.  This court thus recommends to the district judge that it accept the defendant's guilty plea.

6.  Any party may serve and file specific written objections within fourteen days after being served with a copy of this order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.  Failure to file objections within the specified time may waive a party's right to review.  *See* Fed. R. Crim. P. 59(b).

7.  At the parties' request, this court set the matter for further proceedings before the district court on January 23, 2013 at 10:00 a.m.

IT IS SO RECOMMENDED.

Dated:  November 6, 2012

_____
DONNA M. RYU
United States Magistrate Judge

REPORT AND RECOMMENDATION
CR  12-495 SBA (DMR)                     3